IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

      v.

JACOB STADFELD,

                        Defendant.

ORDER

10-cr-135-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jacob Stadfeld has moved for my disqualification in this case, contending that statements that I made in defendant's prior criminal trial and sentencing could lead a reasonable person to question my ability to be impartial in this case.  Defendant objects in particular to the comments made at sentencing about whether defendant's statements to the magistrate judge and to law enforcement officers amounted to obstruction of justice.  At the earlier sentencing, I found that they did because the statements were both false and intended to mislead the magistrate judge about whether defendant should continue his release on bail and to keep law enforcement officers from learning about defendant's involvement in the crime.  I found as well that defendant had attempted to involve himself in an apparent fraud scheme while on pretrial release in the previous case.

1

As the government points out, 28 U.S.C. § 455(a), the statute requiring disqualification of a judge in any manner in which her impartiality might be questioned, speaks in terms of a "personal bias or prejudice concerning a party." 28 U.S.C. § 144 requires parties moving for disqualification to state definite and particular reasons why they believe bias exists. United States v. Boyd, 208 F.3d 638 647 (7th Cir. 2000). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceeding, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgement impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

Defendant has not filed an affidavit with specific and definite facts showing bias on my part. The comments that I made about his involvement in this case were made in the course of sentencing and reflected a determination that it was more probable than not that defendant had committed the crimes he was charged with. There is a sizable gap between finding facts for the purpose of sentencing and finding them for the purpose of determining guilt. Whether defendant is guilty beyond a reasonable doubt of the charges against him in this case is a matter on which I have no opinion, having not heard the evidence against him or the evidence in his defense. It is also a matter that I will not be deciding. It will be up to the jury to make that decision.

Do I have opinions about what kind of person defendant is? I do, as I explained at the time of sentencing. Those opinions, however, have nothing to do with whether defendant committed the crimes now charged against him or whether I can be impartial in handling this case.

In sum, I am not persuaded that this is a case in which my recusal is necessary and I will deny defendant's motion to that effect. However, because we do have the luxury of two judges in this court, I will err on the side of caution and step aside to avoid any possibility that defendant or anyone else would question my impartiality.

## ORDER

IT IS ORDERED that I am recusing myself from this case.

Entered this 23d day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge